IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS A. HERNANDEZ, | ) | |
| (BOP Registration No. 38315-177), | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 3:17-CV-1571-K |
| | ) | (3:08-CR-229-K-(2)) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Movant Jesus A. Hernandez, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence. *See* Dkt. Nos. 2 & 3. Because his Section 2255 motion is untimely, as explained below, the Court **DISMISSES** the motion with prejudice as barred by the applicable statute of limitations.

**Background**

In 2009, Movant pleaded guilty to conspiracy to possess with the intent to distribute and distribution of a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A). *See United States v. Hernandez*, 3:08-CR-0229-K-(2) (N.D. Tex.), Dkt. No. 355. On October 1, 2009, the Court entered judgment and sentenced Movant to 180 months in prison with five years of supervised release. *See id.* He did not appeal. *See id.* The Court later reduced his sentence under 18 U.S.C. § 3582(c)

1

based on a retroactive amendment to the United States Sentencing Guidelines. *See United States v. Hernandez*, 3:08-CR-0229-K-(2) (N.D. Tex.), Dkt. No. 524.

On June 3, 2017, Movant filed this Section 2255 motion. *See* Dkt No. 2 at 12. He claims that the government violated the plea agreement and that his counsel was ineffective in representing him during plea negotiations, at sentencing, and in failing to file a notice of appeal. *See* Dkt No. 2 at 4-8; *see also* Dkt No. 3. The government has moved to dismiss his motion, arguing that it is barred by the statute of limitations. *See* Dkt No. 8. Movant replies that the Court should treat his motion as timely because he "do[es] not have knowledge about the law" and his counsel failed to file a direct appeal in 2009. *See* Dkt No. 9 at 2.

**Statute of Limitations**

"[Section] 2255 establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Movant does not allege any facts that could trigger a starting date under Sections 2255(f)(2)-(4), so his limitations period began to run when his judgment of conviction became final. *See* § 2255(f)(1). His conviction became final on October 11, 2009, when his time to file a direct appeal expired. *See* FED. R. APP. P. 4(b)(1)(A)(i) (stating that an appeal in a criminal case must be filed within ten days of the entry of judgment; amended to fourteen days effective December 1, 2009); *see also United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that, where a federal prisoner does not file a direct appeal, his conviction becomes final when his time to do so expires). And the government is correct that the Court's reduction of his sentence under 18 U.S.C. § 3582(c) did not re-start the statute of limitations under Section 2255(f)(1). *See United States v. Olvera*, 775 F.3d 726, 729 (5th Cir. 2015) (holding that a sentence modification under Section 3582(c) does not impact the finality of a criminal judgment and so does not re-start the statute of limitations). Accordingly, Movant's one-year limitations period expired in October 2010. His Section 2255 motion—filed almost seven years later—is untimely absent equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The United States Supreme Court recently reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

Here, Movant presents no argument or evidence that extraordinary circumstances prevented him from filing his motion to vacate earlier, and no grounds for equitable tolling are apparent to the Court. Although he argues that he did not present his claims earlier because he had no knowledge of the law, that is not a ground for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (holding that ignorance of the law, a lack of knowledge of filing deadlines, a prisoner's pro se status, and a lack of legal training do not support equitable tolling of AEDPA's statute of limitations). And though Movant argues that his counsel failed to file a direct appeal as instructed in 2009, he does not explain why he did not pursue his post-conviction rights until seven years later. *See, e.g., Manning v. Epps*, 688 F.3d 177,

186 (5th Cir. 2012) (holding that a prisoner did not diligently pursue his post-conviction rights when he "did nothing for more than nineteen months after his conviction became final."). Because Movant has not met his burden to establish circumstances warranting equitable tolling, his Section 2255 motion is time-barred.

**Conclusion**

For the foregoing reasons, the motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE** as time-barred.

**SO ORDERED.**

Signed December 14th, 2017.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE